**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

VINCENT JEROME GAITHER,

              Plaintiff - Appellant,

   v.

M. SEPULVEDA; et al.,

              Defendants - Appellees.

No. 14-15718

D.C. No. 5:12-cv-00041-EJD

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted February 17, 2015[**]

Before:    O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

California state prisoner Vincent Jerome Gaither appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs. We have jurisdiction under 28

U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cir. 2004), and we affirm.

The district court properly granted summary judgment on Gaither's claim against Dr. Friederichs because Gaither failed to raise a genuine dispute of material fact as to whether Dr. Friederichs was deliberately indifferent to his urology-related complaints and his other serious medical conditions. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health[.]"); *see also Toguchi*, 391 F.3d at 1058 (a difference of opinion concerning the appropriate course of treatment does not amount to deliberate indifference to serious medical needs).

The district court properly granted summary judgment on Gaither's claim against Dr. Sepulveda because Gaither failed to raise a genuine dispute of material fact as to whether Dr. Sepulveda knew of and disregarded an excessive risk to Gaither's health in denying his inmate appeals. *See Farmer*, 511 U.S. at 837; *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (explaining inmates "lack a separate constitutional entitlement to a specific prison grievance procedure").

The district court properly granted summary judgment on Gaither's equal protection claim because Gaither failed to raise a genuine dispute of material fact

as to whether defendants intentionally discriminated against him based on his membership in a protected class. *See Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003) (requirements for § 1983 equal protection claim based on membership in protected class).

The district court properly dismissed Gaither's claim against Dr. Chudy because Gaither failed to allege sufficient facts to show that Dr. Chudy knew of and disregarded an excessive risk to his serious medical needs. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (setting forth de novo standard of review and explaining that although pro se pleadings are to be liberally construed, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also Farmer*, 511 U.S. at 837.

**AFFIRMED**.